## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

CORY ALAN HATCHER
(also known as Cory Kinsel),

       Petitioner,

v.                                     Case No. 2:26-cv-00170

CHRIS MASON, Superintendent,
South Central Regional Jail,

       Respondent.

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 2).  This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### THE PETITIONER'S CLAIM FOR RELIEF

On March 2, 2026, Petitioner, who was in custody at the South Central Regional Jail in Charleston, West Virginia, filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 2).  The petition asserts that Petitioner, who was then a state pretrial detainee who also had a federal detainer lodged against him, "can bond out on state case [25-M20F-00162] and go to rehabilitation house per bond agreement, but [is] being held by 'federal hold.'"  (*Id*. at 1).  Thus, the petition claims

that his "liberty is being restricted by pretrial detention" and that "due process and equal protection are not afforded to [him]." (*Id*. at 6). The petition requests that the "federal hold" be lifted to enable him to "bond out to rehabilitation house." (*Id*. at 7).

The undersigned takes judicial notice of the following facts that are not apparent from the petition:

On or about February 7, 2025, Petitioner was charged by felony criminal complaint in the Magistrate Court of Kanawha County with eight counts of a second or subsequent violation of W. Va. Code § 15-12-8(c) for providing false or inaccurate information by a sex offender subject to life registration. *See State v. Hatcher*, No. 25M20F-00162 (Kan. Co. Mag. Ct. Feb. 7, 2025). According to the docket sheet associated with that matter, Petitioner was arrested on a warrant for those charges on or about October 15, 2025. That same day, a cash bond was set, but not paid. *Id*. Thereafter, Petitioner waived a preliminary hearing, and the matter was transferred to the Circuit Court of Kanawha County on October 28, 2025. Ultimately, those charges were merged with Case No. 26-F-106 in the Circuit Court (charging Petitioner with failure to register as a sex offender). *See State v. Hatcher*, No. 26-F-106 (Kanawha Cnty. Cir. Ct., Mar. 6, 2026).

On April 8, 2026, the State moved to dismiss the charges in Case No. 26-F-106 due to Petitioner's indictment in this United States District Court on October 21, 2025, for failure to register as a sex offender, which was lodged as the subject detainer about which Petitioner now complains. *See United States v. Cory Alan Kinsel (also known as Cory Alan Hatcher)*, No. 2:25-cr-00179-1, ECF No. 1 (S.D.W. Va., Oct. 21, 2025). According to the docket sheet for the federal matter, Petitioner was taken into exclusive

federal custody at that point and made an initial appearance on the federal charge on April 13, 2026. *Id.*, ECF Nos. 11, 12. Petitioner was then arraigned on the federal charge on April 16, 2026, at which time he also waived his right to a detention hearing. *Id.*, ECF Nos. 18-20. Accordingly, Petitioner is now detained pursuant to the undersigned's detention order, rendering moot his challenge to the federal detainer. *Id.*, ECF No. 19.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate is no longer subject to the challenged detention. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007). Such is the case here.

There are two exceptions to the mootness doctrine. *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 198). First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where collateral consequences exist. *Id.* (citing *Carafas v. LaVallee*, 391 U.S. 234 (1968)). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a

reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Id.* (citing *Weinstein v. Bradford*, 423 U.S. 147, 149, (1975)). Neither exception applies in this case.

When the State of West Virginia dismissed the state charges, Petitioner was taken into exclusive federal custody and was thereafter detained, without contest, on the federal charges. Should Petitioner seek to challenge his current federal pre-trial detention, the proper procedure would be through a motion to reopen the matter of detention before the federal court in his criminal action under 18 U.C. § 3145 or an appeal therefrom. *See, e.g., United States v. Roberts*, 463 F. App'x 72, 74 (3d Cir. 2012) (finding that proper review of federal pretrial detention order is through a motion under 18 U.S.C. § 3145, not a habeas petition) (citing *Fassler v. United States*, 858 F.2d 1016, 1018–19 (5th Cir.1988) (per curiam), and *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (challenges to federal pretrial detention through habeas corpus petition are harshly criticized and inappropriate)).

Accordingly, there are no collateral consequences or a likelihood of repetition stemming from the detainer Petitioner was challenging through this § 2241 habeas corpus petition. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is moot.

<u>**RECOMMENDATION**</u>

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2) and his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and **DISMISS** this civil action from the

docket of the court.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

April 29, 2026

Dwane L. Tinsley
United States Magistrate Judge